## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: T.S. & S.A.**

**No. 13-0304** (Kanawha County 11-JA-176 & 11-JA-177)

**FILED**

**October 1, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Matthew Victor, from a March 13, 2013 order of the Circuit Court of Kanawha County, which terminated her parental rights to her children. The guardian ad litem for the children, Sandra Bullman, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael Jackson, filed a summary response in support of the circuit court order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, the DHHR filed its petition for abuse and neglect and temporary emergency custody of the children. The petition alleged that there was ongoing domestic violence in the home between Petitioner Mother and M.A.[1] and illegal drug abuse. The petition also alleges that S.A. was born with marijuana, benzodiazepine, and Lortab in her system. Finally, the petition alleges that Petitioner Mother failed at times to provide the children with the necessary food, clothing, supervision, and housing. By order entered on September 27, 2011, the circuit court temporarily removed the children, scheduled a preliminary hearing, and ordered the DHHR to initiate services. Following the preliminary hearing on October 5, 2011, the circuit court granted Petitioner Mother's request for the following services: supervised visitation, domestic violence counseling, family counseling, transportation, and a substance abuse and psychological evaluation. The circuit court further ordered her to submit to random drug screens. On April 25, 2012, the circuit court held an adjudicatory hearing during which it found that the children were neglected due to Petitioner Mother's failure to supply the children with the necessary food, clothing, shelter, supervision, medical care, or education and because S.A. was born with illegal drugs in her system. Additionally, the circuit court found that Petitioner Mother was an abusing

---

[1]M.A. is the biological father of S.A. The DHHR did not make allegations against T.S.'s biological father, C.S.

1

parent. The circuit court terminated Petitioner Mother's parental rights by order entered on March 13, 2013. In terminating Petitioner Mother's parental rights, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because Petitioner Mother failed to make any efforts to correct the problems that led to the filing of the petition and failed to follow through with a reasonable family case plan.

Petitioner Mother raises two assignments of error. First, Petitioner Mother argues that the circuit court erred in terminating her parental rights because the DHHR failed to establish a family case plan or determine what services were necessary to achieve reunification. Second, Petitioner Mother argues that the circuit court erred in terminating her parental rights because there was insufficient evidence to warrant termination.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. Regarding Petitioner Mother's first assignment of error, the record clearly demonstrates that a family case plan was filed on October 2, 2012, setting forth the services Petitioner Mother was to receive. However, the case plan was not signed by any of the parties. Timmica Tolliver, a DHHR case worker, testified that Petitioner Mother was offered parenting and adult life skills, counseling, random drug screens, a psychological evaluation, and supervised visitations. Ms. Tolliver testified that the plan was developed by the interested parties and approved by the circuit court during the preliminary hearing. Though Petitioner Mother received a psychological evaluation and participated in her supervised visitation, Ms. Tolliver testified that she failed to follow the recommendations made in the psychological evaluation, did not consistently attend parenting classes, and did not participate in or failed random drug screens.

While it is true that this Court has stressed the importance of the filing of a case plan on numerous occasions, we decline to find that the failure to sign the plan in this matter warrants reversal. As we have held, "'[t]he purpose of the family case plan . . . is to clearly set forth an

2

organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems.' Syl. Pt. 5, in part, *State ex rel. W.Va. Dep't. Of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987)." Syl. Pt. 3, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). A review of the record clearly shows that a family case plan was developed and set forth the services Petitioner Mother was to receive. Therefore, Petitioner Mother was aware of the "logical steps" necessary to resolve the issues of neglect.

As to her second assignment of error, the Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child." For the same reasons explained above, we find no substantial likelihood of correction. Petitioner Mother began receiving services in September of 2011 and the DHHR filed a copy of the family case plan. The testimony of a DHHR worker established the Petitioner Mother failed to fully participate in the family case plan. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to the children.

Affirmed.

**ISSUED**:  October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II